CONRAD MILLIKEN, as ·Trustee in Bankruptcy of THE STANDARD NITROGEN COMPANY, Appellant, *v.* ENRICO CARUSO, Respondent.

#### Stockholders — liability to assessment on stock.

The principles applied in *Southworth* v. *Morgan*, decided with this case and reported *ante*, page 293, are decisive of the questions presented herein.

*Milliken* v. *Caruso*, 146 App. Div. 940, affirmed.

(Argued March 18, 1912; decided April 30, 1912.)

APPEAL from a final judgment entered December 1, 1911, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which affirmed an interlocutory judgment of Special Term sustaining a demurrer to the complaint.

The plaintiff brings the action to recover from the defendant a sum unpaid, as plaintiff alleges, upon the issuance to the defendant by the bankrupt of one thousand shares of its capital stock. The complaint alleges: The bankrupt corporation was organized under the laws of the state of North Dakota. Its certificate of incorporation provided that its capital stock should consist of two million shares of common stock of the par value of $5 each. About February 21, 1910, the corporation issued to the defendant at his special instance and request one thousand shares of the stock which was duly delivered to and accepted by the defendant, who thereupon paid to the corporation $2,000 and has at no time paid any other

or further sum for the stock. The corporation was adjudged a bankrupt by the United States District Court for the Southern District of New York and the plaintiff was appointed trustee of it and given leave to bring this action. The debts of the corporation, contracted and incurred while the said stock was held by the defendant, exceed the sum of $3,000, the payment of which has been demanded and is necessary for their satisfaction. The complaint was dismissed upon the ground, stated in the demurrer, that it did not state facts sufficient to constitute a cause of action.

*I. Balch Louis* for appellant.

*Edmond E. Wise* for respondent.

COLLIN, J. The principles applied in *Christensen* v. *Eno* (106 N. Y. 97) and *Southworth* v. *Morgan* (205 N. Y. 293) are decisive of the questions raised by the record submitted to us, and need not be expressly applied by this opinion. In this case there could not be a recovery unless the plaintiff proved a contract between the defendant and the bankrupt by which the defendant promised to pay for the shares a sum greater than the $2,000 paid by the defendant. The facts that the shares, or the certificate evidencing their existence, were issued and accepted and upon the payment of $2,000 as stated in the complaint do not allege and if proven would not constitute a promise to pay the $3,000, the part of their face value remaining unpaid, or any part thereof. The statutory conditions or other conditions or circumstances entering into the creation of corporate shares and the issuance and acceptance of the certificate may make and prove a contract. In other words, the contract may be implied. Circumstances may show that a party intended to enter into an obligation. A party may assume an obligation by putting himself in a position which requires the performance of duties imposed by law; but the circumstances, or the characteristics of the

position, which create the obligation must be alleged and proved. Here we have apparently a transaction fully executed. The corporation created the shares and issued the certificate to the defendant, who accepted it and paid $2,000. Therein is no circumstance or condition which indicates that the defendant was bound to pay a further sum or that aught intended by the parties remained undone.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment affirmed.