BOTTLERS SEAL COMPANY, Suing in Behalf of Itself and Others, Appellant, *v.* ROY A. RAINEY et al., Respondents.

Stock corporations — liability of holder of capital stock, not fully paid, for debts of corporation — liability of such stockholder for royalties for use of patent, which accrued after his purchase of stock.

1. Under the statute (Stock Corporation Law, § 56; Cons. Laws, ch. 59) providing that " Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him *for debts of the corporation contracted while such stock was held by him,"* a sum payable upon a contingency is not a debt " contracted " and does not become a debt, for which the stockholder is liable under the statute, until the contingency has happened.

2. Where an agreement granted the sole right and license to manufacture, use and sell certain patented articles for a fixed period in consideration of a fixed license fee or royalty to be paid upon each article sold and delivered by the grantee or his assigns, such royalties not to be less in the aggregate than a specified amount, such an agreement is contingent and creates no debt until the time stipulated for payment arrives; the contract is for a future indebtedness to be incurred and paid, in amounts designated by the contract when the consideration is furnished; hence, when the licensee named in that contract transferred his rights thereunder to a corporation which agreed to carry out the terms but which failed to pay the amounts which became due for royalties as articles were sold and delivered, the licensor can maintain an action under the statute against a holder of stock not fully paid, in such assignee corporation, for his liability for such debt of the corporation so contracted while such stock was held by him. A contention of defendant that the debt was contracted when the assignment was made and before he became a stockholder cannot be sustained.

*Bottlers Seal Co.* v. *Rainey,* 180 App. Div. 935, reversed.

(Argued January 6, 1919; decided January 21, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 7, 1917, which affirmed a judgment

in favor of defendant,. entered upon an order of Special Term sustaining a demurrer to and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred D. Lind* and *Alexander Pfeiffer* for appellant. The contract was executory. (*Matter of Tear Off Bottle Seal Co.*, 224 Fed. Repr. 492.)  The contract is exactly analogous to a lease so far as the accrual of debts thereunder is concerned. (*Thistle* v. *Jones*, 123 App. Div. 40.)  The debt for royalties accrued from period to period, exactly as debts for rent under a lease accrue as the rent reserved becomes payable from time to time. (*Thistle* v. *Jones*, 123 App. Div. 40; *Sanford* v. *Rhoades*, 113 App. Div. 782; *Dunn* v. *Neustadtl*, 72 Misc. Rep. 1.)

*William Murray* for respondents. The stockholder is not liable for debts of the corporation which were contracted before he became such holder.   (White on Corp. [8th ed.] 489; *Brick* v. *Brewster*, 150 App. Div. 202.) Plaintiff's grant to Horner was not a license.   It was an assignment of the patent and vested the title in Horner. (*Waterman* v. *MacKenzie*, 138 U. S. 252; *Rude* v. *Westcott*, 130 U. S. 152; *Boesch* v. *Graff*, 133 U. S. 697.)   The debt of defendant's corporation to plaintiff was contracted on December 28, 1909.  (*Hatch* v. *Oil Co.*, 100 U. S. 130; *Burrows* v. *Whitaker*, 71 N. Y. 291; Story on Sales, § 236; *Walla* v. *Walla*, 172 U. S. 1; *Vernon* v. *Palmer*, 16 J. & S. 231.)

POUND, J.   Respondent was sued as a holder of capital stock, not fully paid, by a creditor of Tear Off Bottle Seal Company, under section 56, Stock Corporation Law (Cons. Laws, ch. 49), which reads as follows: "Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its

1919.]            Opinion, per POUND, J.            [225 N. Y.]

creditors, to an amount equal to the amount unpaid on the stock held by him *for debts of the corporation contracted while such stock was held by him.*" He demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer has been sustained and the complaint dismissed. It is alleged in the complaint that the debt of the corporation, which plaintiff is seeking to enforce, arose as follows:

In December, 1909, the plaintiff granted to one Horner the sole right and license to manufacture, use and sell certain patented bottle caps for a term extending from the date of the agreement to and beyond July 1, 1913, and in consideration of the granting of such license and patent rights, Horner agreed to pay to the plaintiff a license fee or royalty of one cent per gross on each gross of bottle caps and seals sold and delivered by the said Horner, or his assigns, and further agreed that the amount of the royalty to be paid to the plaintiff for the period ending July 1, 1911, should not be less than $10,000; for the period between July 1, 1911, and July 1, 1912, not less than $15,000; and for the period beginning July 1, 1912, and ending July 1, 1913, not less than $20,000; and it was further agreed that if the aggregate royalties should be less than these sums, Horner or his assigns would pay to the plaintiff the amount of such deficiency.

After the execution and delivery of the agreement, and on or about December 28, 1909, Horner, with the plaintiff's consent, transferred all his interest therein to Tear Off Bottle Seal Company, which, in consideration of the consent to the assignment being granted, assumed and agreed to perform and carry out all the terms thereof, which would otherwise have been required to be carried out by Horner. It failed and refused to carry out the terms of its agreement, by failing to pay the amounts thus agreed upon when they became due. Respondent became a

holder of stock not fully paid on January 10, 1910. His contention is that the debt was contracted on December 28, 1909, when the assignment was executed. Plaintiff contends that upon the assignment of the agreement a contingent liability was incurred which ripened into a debt only as bottle caps and seals were manufactured, sold and delivered and the payments fell due.

The proper definition of the term " debt contracted " is to be sought in the legislative intent to enforce the obligation to pay for stock which is assumed by one who becomes a stockholder. It is generally held under such statutes that a sum payable upon a contingency is not presently a debt and does not become a debt until the contingency has happened. (*Garrison* v. *Howe*, 17 N. Y. 458.) Such decisions have had the result of relieving from liability those who were directors when the agreement creating the liability was signed, because it is said that their cases were not fairly within the language of the statute. The same rule of construction must be applied to impress liability as is applied to avoid it.

The agreement between Horner and Tear Off Bottle Seal Company transferred no more than a mere license, giving the latter the right to make, use and sell the patented article for a period less than the full term of the patent. The complaint alleges neither that the entire and unqualified monopoly, nor an undivided part thereof, nor the exclusive right thereunder within a specified part of the United States was conveyed or received by the corporation. (*Waterman* v. *Mackenzie*, 138 U. S. 252, 255; *Pope Mfg. Co.* v. *Gormully & Jeffery Mfg. Co.*, 144 U. S. 248.) The transaction was not, properly speaking, an assignment. The covenanted payments are for the right to manufacture, use and sell free from interference. The licensor, in law, undertakes merely that it will not sue for infringement during the period

covered by the agreement. (*Hawks* v. *Swett,* 4 Hun, 146.) The licensee obtains the authority or permission to use for a period the patent rights of plaintiff on payment of compensation therefor at a rate to be determined by the number of bottle caps, seals or closures sold or delivered by it. An agreement to pay such royalties is contingent and creates no debt until the time stipulated for payment arrives. The rights of the licensee may, before the obligation to pay matures, be lost by the interference of the licensor or by assertion of a paramount right by a third party, or the license may be abandoned or assigned, with the consent of the licensor, or under conditions terminating the obligation to pay royalties.

It is urged that, as to the minimum payments, the full liability of the corporation was fixed when the assignment was made and that as to such amounts the debt was then contracted. But the promise to make such payments is not absolute. In legal contemplation, the enjoyment of the undisturbed use of the patent, not the mere execution of the grant, is the consideration for the royalties. The debt is not contracted until the consideration is furnished. (*Garrison* v. *Howe, supra; Whitney Arms Co.* v. *Barlow,* 68 N. Y. 34; *Gold* v. *Clyne,* 134 N. Y. 262.) If the right to make, use and sell the patent terminates meanwhile; if the licensor does not respect the right; if it had no right to transfer; then the duty to pay royalties ceases; the time for payment never arrives and the debt is not contracted.

When a lease calling for fixed payments of rent is signed, no debt is contracted until the premises are used or the rent becomes due. (*Deane* v. *Caldwell,* 127 Mass. 242, 244; *Watson* v. *Merrill,* 136 Fed. Rep. 359; 69 L. R. A. 719; *Matter of Roth & Appel,* 181 Fed. Rep. 667, 669; 31 L. R. A. N. S. 270; *Thistle* v. *Jones,* 123 App. Div. 40; *Walla Walla City* v. *Walla Walla Water Co.,* 172 U. S. 1, 19, 20.) The same rule applies here. The

debt is not contracted until it becomes a fixed liability, absolutely owing, established under the terms of the contract. The contract is for a future indebtedness to be incurred which defines the minimum amount to be paid when the consideration is furnished.

The judgment appealed from should be reversed and the demurrer overruled, with costs in all courts, with leave to answer within twenty days on payment of costs.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment reversed, etc.