JOSEPH HOROWITZ, Plaintiff, v. BENJAMIN WINTER and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Second District,
May 6, 1927.

Corporations — liability of stockholders — action at law against individual stockholders under Stock Corporation Law, § 71, to recover unpaid wages of employee — Municipal Court has jurisdiction of action under Municipal Court Code, § 6, subd. 1 — notice of intention to hold defendants liable given by registered mail, sufficient.

Plaintiff, who was an employee of a corporation in which defendants are stockholders and earned wages which remained unpaid, is entitled to a judgment against individual stockholders in an action at law, pursuant to section 71 of the Stock Corporation Law, making stockholders of stock corporation "jointly, and severally * * * personally liable for all debts due and owing to any of its laborers * * * for services performed by them for such corporation," where it appears that the plaintiff, in keeping with the provisions of the statute, gave each defendant notice in writing within thirty days after the termination of his services of his intention to hold them liable under section 71 of the Stock Corporation Law and within thirty days after the return wholly unsatisfied of an execution issued upon a judgment obtained in an action against the corporation for wages commenced within the two-year limitation fixed by section 73 of the Stock Corporation Law.

Since subdivision 1 of section 6 of the Municipal Court Code gives the Municipal Court of the city of New York jurisdiction over actions not exceeding $1,000 in amount arising upon a contract express or implied, and since a statutory obligation to pay is a *quasi* contract, this court has jurisdiction of the action.

Notice of intention to hold the corporation stockholders liable given by registered mail was sufficient notice within the meaning of the statute, where the proof shows receipt of a notice within thirty days after the termination of plaintiff's services and within thirty days after the return unsatisfied of the execution in the action in which judgment was recovered against the corporation for said services.

ACTION under section 71 of the Stock Corporation Law.

*A. G. Grayzel* [*Morris Rothenberg* of counsel], for the plaintiff.

*John L. Bernstein* [*Harry Greenspan* of counsel], for the defendants Cohen and Strunsky.

*Morris E. Gossett,* for the defendant Winter.

RAIMO, J. This action is brought by the plaintiff to recover the sum of $318.38 from the defendants under section 71 of the Stock Corporation Law of 1923, which reads as follows:

" Liabilities of stockholders to laborers, servants or employees. The stockholders of every stock corporation *shall jointly and severally be personally liable* for all debts due and owing to any of its laborers, servants or employees other than contractors, for services performed

by them for such corporation. Before such laborer, servant or employee shall charge such stockholder for such services, he shall give him notice in writing, within thirty days after the termination of such services, that he intends to hold him liable. An action therefor shall be commenced within thirty days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for such services."

Section 73 of the Stock Corporation Law of 1923 provides certain limitations on the liability of a stockholder under section 71. It reads as follows:

" Limitation of stockholder's liability. No action shall be brought against a stockholder for any debt of the corporation until judgment therefor has been recovered against the corporation, and an execution thereon has been returned unsatisfied in whole or in part, and the amount due on such execution shall be the amount recoverable, with costs against the stockholder. No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due; and no action shall be brought against a stockholder after he shall have ceased to be a stockholder, for any debt of the corporation, unless brought within two years from the time he shall have ceased to be a stockholder."

The complaint alleges and the evidence proves that the plaintiff was employed by the New Warheit Corporation as a linotype operator and earned wages which remained unpaid. The plaintiff gave notice in writing to each of the defendants within thirty days after the termination of his services of his intention to hold them liable under the provisions of section 71 for his unpaid wages. The defendant Winter was served personally and the other two defendants by registered mail. An action against the New Warheit Corporation was brought by the plaintiff within the two-year limitation fixed by the statute and he recovered judgment in the Municipal Court. An execution on such judgment was issued to a marshal of the city of New York and was returned wholly unsatisfied, and the judgment against the New Warheit Corporation remains wholly unpaid. This action was then instituted within thirty days after the return of the execution to impress liability on the defendants as stockholders of the New Warheit Corporation. The action is resisted by the defendants on the ground that the court has no jurisdiction; that the liability under section 71 must be enforced in an equitable action, in which all the stockholders are joined as defendants; and by the defendants Cohen and

Strunsky on the further ground that the notice prescribed by the statute was not served upon them personally.

The Municipal Court has jurisdiction over actions not exceeding $1,000 in amount arising "upon a contract, express or implied." (Mun. Court Code, § 6, subd. 1.) A statutory obligation to pay is a quasi contract, within the meaning of that term. (Woodward Quasi Cont. § 1; 1 Williston Cont. 3; 13 C. J. 244.) I have no hesitation whatever in adopting and following the learned and well-considered opinion of Mr. Justice SPIEGELBERG in *Halkin* v. *Hume* (123 Misc. 815), on this proposition.

The defendants cite *Bottlers Seal Co.* v. *Rainey* (243 N. Y. 333) as authority for the proposition that all of the stockholders of a corporation must be joined as parties defendant to an action such as this, and that the liability created by the provisions of the law above cited must be enforced in an action in equity. That action was brought under section 70 to enforce the liability of a stockholder to the creditors of a corporation for the amount remaining unpaid on shares of stock issued to such stockholder. There is marked difference in the wording of sections 70 and 71. Section 71 imposes a *joint and several liability*. Section 70 does not. The decision in *Bottlers Seal Co.* v. *Rainey* (*supra*) was based entirely on the absence of a provision for joint and several liability in that section. The court (at p. 347) says: "The question which we must now decide is whether that liability is a joint liability which may be enforced only by suit in equity against all the solvent stockholders within the jurisdiction, or is a several liability which may be enforced against such stockholders whom the plaintiff may select. Action by a creditor against one stockholder can be sustained only where the statute by its terms creates a several liability. (See *Patterson* v. *Lynde*, 106 U. S. 519; Cook on Corporations [8th edition], section 222.) Slight differences in the terms of statutes may at times lead to varying interpretations of legislative intent, and decisions as to the effect of other statutes may furnish but uncertain guidance in the construction of the statute now under consideration. Prior to the enactment in 1901 of the provisions of law which now fix liability of corporate stockholders for corporate debts, general statutes or special charters had long imposed upon corporate stockholders liability of much wider extent, and by the express terms of the statutes that liability was declared to be joint and several, or even several. The Legislature under these statutes left little room for judicial definition. The function of the courts was generally confined, in actions either at law or in equity, to the enforcement of the liability clearly defined by the Legislature. * * * The language of the new

statute might be open to the construction that the Legislature intended that the stockholders should be severally liable, yet we may not disregard as entirely without significance, that it omitted the express provision for several liability contained in the statute it superseded or amended. That omission did not escape notice of this court in *Lang* v. *Lutz* (180 N. Y. 254). Though not necessary to the decision the opinion per GRAY, J., states: ' As to all cases, which might arise thereafter, I assume that it [the amendatory act of 1901 (Laws of 1901, chap. 354)] prescribes a new rule of liability under which the remedy available to a creditor is intended to be by way of an equitable action, or proceeding; wherein all the stockholders of the corporation should be made equally and ratably responsible for the payment of corporate debts.' "

The case of *Lang* v. *Lutz* (180 N. Y. 254) sustained the right of a creditor to sue one or more stockholders at law for the recovery of his claim under the wording of the statute as it then read. What is now section 70 of the Stock Corporation Law of 1923 was then section 54 (Laws of 1892, chap. 688), and provided that " The stockholders of every stock corporation shall, jointly and severally, be personally liable to its creditors, to an amount equal to the amount of the stock held by them respectively, for every debt of the corporation, until the whole amount of its capital stock issued and outstanding at the time such debt was incurred shall have been fully paid."

In 1901 this section was amended to read substantially as section 70 reads now. The words " jointly and severally " were omitted, and the decision in *Bottlers Seal Co.* v. *Rainey* (*supra*) holds that the omission of the provision for a several liability in the amendment of 1901 indicates a legislative intent to require an action in which all stockholders are to be joined. The decision leaves no room for doubt that, if the section had not been amended, an action at law against one or more stockholders would have been sustained.

Section 71, however, still imposes a joint and several liability, and indicates the legislative intent to give an employee a wider and more summary remedy than a creditor. In fact, actions at law under section 71 against individual stockholders have been sustained. (*Farnum* v. *Harrison*, 167 App. Div. 704; affd., 218 N. Y. 672; *Card* v. *Groesbeck*, 204 id. 301.)

The notice required by section 71 was evidently intended to enable a stockholder to receive prompt information that services rendered to a corporation by an employee remain unpaid, and that he will be held personally liable for such payment, so as to enable him to take prompt measures to compel payment or to protect his interests in such manner as he may be advised. Whether he

Municipal Court of New York, May, 1927. [Vol. 129

receives the notice by mail or personally would make no difference to a stockholder in his attempt to protect his interests. The important thing is to receive notice within thirty days after the termination of the service. As stated in *Appeal Printing Co.* v. *Sherman* (99 App. Div. 533): " The test in determining whether the service by mail in particular cases suffices is whether or not the papers actually came into the hands of the attorney for the adverse party."

It is true that in that case the particular question here raised was not involved, but nevertheless it seems to me a good common-sense test. If the notice contemplated by the statute is actually received within the prescribed time by the stockholder to whom it is directed, the service is good and valid.

In the case of *Farnum* v. *Harrison* (167 App. Div. 704; affd., 218 N. Y. 672) the record discloses that the notice was served by mail. Judge DOWLING says in the opinion that " all the requirements of this section have been complied with." While the point here urged was not stressed by counsel or any of the courts that passed upon that case, the very fact that both counsel and court assumed that service by mail was good service is not without significance.

The Court of Appeals in *Card* v. *Groesbeck* (204 N. Y. 301), referring to section 57 of the Stock Corporation Law of 1909, now section 71 of the Stock Corporation Law of 1923, says: " Ordinarily statutory remedies must be strictly pursued. We are not disposed, however, in this case to adhere to the strict letter of the statute, but we must observe the spirit and intent of the Legislature in adopting it."

The spirit and intent of the Legislature was to give notice to the stockholder within thirty days. The manner of service, so long as it reaches the hands of the stockholder, is of no great importance. The short time prescribed lends further force to this argument. Prompt notice is required, and it would be easy for a stockholder to avoid personal service for a short time, and thus nullify the protection given to wage-earners by this act.

The notice was given by registered mail, and the return cards were received in evidence. The defendants Cohen and Strunsky did not deny the actual receipt of written notice within the thirty days, and I find that such notice was actually received by them. The defendant Winter was served personally, and of course cannot raise the question of service raised by the other two defendants.

The plaintiff, for the reasons heretofore set forth, is entitled to a judgment against all of the defendants, and on the stipulation made at the trial similar judgments will be entered for the various plaintiffs in the other cases.