■ BIOSYNEXUS, INC., Respondent, v GLAXO GROUP LIMITED, Appellant, et al., Defendant. [836 NYS2d 126]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered March 14, 2006, which, insofar as appealed from, granted the motion by plaintiff Biosynexus, Inc. for a preliminary injunction, unanimously modified, on the facts, to vacate so much of the injunction as enjoins defendant Glaxo Group Limited (Glaxo) from "failing to exploit the intellectual property, including the confidential information, licensed by Biosynexus to Glaxo pursuant to the Collaborative Development [CDA] and License Agreement," and otherwise affirmed, without costs.

The motion court did not err in concluding that Biosynexus was likely to prevail on its claim that Glaxo breached its fiduciary duties by impermissibly assigning to MedImmune its rights and obligations under the CDA with respect to the monoclonal antibody technology and development program. In so finding, the motion court, aptly noting that both the CDA and License Agreement involve the granting of rights to various patents, appropriately looked to federal case law on standing in patent infringement cases (*see e.g. Bottlers Seal Co. v Rainey*, 225 NY 369, 372 [1919], citing, inter alia, *Waterman v Mackenzie*, 138 US 252 [1891]; *see also Sybron Transition Corp. v Nixon, Hargrave, Devans & Doyle*, 770 F Supp 803, 809 [WD NY 1991]). Nor did the motion court err in concluding that the requisite showing of irreparable injury had been made, particularly given the difficulty of quantifying the losses Biosynexus would sustain as a result of Glaxo's breach of its fiduciary duties (*see Willis of N.Y. v DeFelice*, 299 AD2d 240, 242 [2002]). Moreover, relief should not be denied because of a short delay that did not cause a change of position or other prejudice (*see Hay Group v Nadel*, 170 AD2d 398, 399-400 [1991]). However, we vacate the injunction to the extent it affirmatively directs Glaxo's performance of the CDA, since in this respect the injunction "leaves the rights of the parties open to doubt and uncertainty" (*see SportsChannel Am. Assoc. v National Hockey League*, 186 AD2d 417, 418 [1992]). We have considered

defendants' other arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Williams, Buckley and McGuire, JJ. [*See* 11 Misc 3d 1062(A), 2006 NY Slip Op 50359(U).]