Sand Canyon Corporation, Respondent, v Homeward Residential, Inc., Appellant. [964 NYS2d 98]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered July 27, 2012, which denied defendant's motion to dismiss the complaint, unanimously modified, on the law, the motion granted as to the breach of contract claim based on the confidentiality provision and the claim for breach of the covenant of good faith and fair dealing, and otherwise affirmed, without costs.

Plaintiff alleges that defendant breached the cooperation provision of the parties' agreement by refusing to accede to its request that defendant not give potential plaintiffs greater access to loan information than is required by the pooling and servicing agreement (PSA). This raises a question of fact not appropriate for resolution on a motion to dismiss (*see Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750 [1995]). More-

over, it is not an actionable breach of the confidentiality provision of the agreement to give persons entitled to see the loan files a different means of access to those same files than is required by the PSA. Nor can we conclude as a matter of law that limiting access to loan information to business hours at defendant's offices, to which the parties expressly agreed in the PSA, so restricts investors' access to the courts as to be void as against public policy (*compare Lachman v Sperry-Sun Well Surveying Co.*, 457 F2d 850 [10th Cir 1972]). The claim for violation of the covenant of good faith is based on the same facts as the claim for breach of the cooperation clause and is therefore duplicative thereof (*see Logan Advisors, LLC v Patriarch Partners, LLC*, 63 AD3d 440, 443 [1st Dept 2009]). Plaintiff's assertion that defendant's breach of the cooperation agreement will subject it to numerous meritless claims and damage its reputation is sufficient to state irreparable harm (*see Biosynexus, Inc. v Glaxo Group Ltd.*, 40 AD3d 384 [1st Dept 2007]). Moreover, given the nature of the irreparable injury, we cannot conclude as a matter of law that the balance of the equities is against plaintiff. Concur—Andrias, J.P., Acosta, Freedman, Richter and Gische, JJ.