## In re GEISTER.

(District Court, N. D. Iowa, W. D.    November 4, 1899.)

1. BANKRUPTCY — STAY OF PENDING SUITS — VOLUNTARY AND INVOLUNTARY CASES.

   Bankr. Act 1898, § 11, providing for a stay of proceedings in certain cases where an action is pending against a person "at the time of the filing of a petition against him," applies, not only to involuntary cases, but also to voluntary bankrupts, since clause 1 of section 1 of the act declares that the phrase "a person against whom a petition has been filed" shall "include a person who has filed a voluntary petition."

2. SAME — APPLICATION TO STATE COURT.

   Where, at the time of an adjudication in bankruptcy, an action is pending in a state court against the bankrupt, based on a claim from which his discharge in bankruptcy, if granted, will release him, an application by the bankrupt for a stay of proceedings in such suit until the question of his discharge is determined, under section 11 of the bankruptcy act, should be made to the state court, not to the court of bankruptcy.

In Bankruptcy.    On petition praying for an order restraining the further prosecution of an action pending in a state court against the bankrupt.

P. R. Bailey, for petitioner.

SHIRAS, District Judge.    In the petition now submitted to the court and filed by Henry W. Geister it is averred that on the 13th day of October, 1899, he was duly adjudicated a bankrupt by the referee of O'Brien county, Iowa, and that the proceedings are still pending before the referee; that on the 21st of September, 1899, an action was commenced in the district court of O'Brien county against him, on behalf of Knapp, Spencer & Co., Henry H. Van Brunt, and the Tredway & Sons Hardware Company, upon a claim which will be barred by the discharge in bankruptcy, should one be granted him in the bankruptcy proceedings now pending; and, based upon these facts, an order is sought to restrain further proceedings in the case pending in the state court until the question of petitioner's right to a discharge is determined, in order that, if a discharge is granted, the bankrupt may be enabled to plead the same in bar of the action now pending against him.

In section 11 of the bankrupt act it is provided that:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition. If such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

It being declared in the first clause of section 1 of the act that "a person against whom a petition has been filed shall include a person who has filed a voluntary petition," it follows that the provisions of section 11 are applicable to cases of voluntary and involuntary bankruptcy alike; and it is thus made plain that the bankrupt in this case is entitled to have the action pending in the state court stayed for a period of 12 months from the date of the adjudication, or until the

question of the granting of a discharge is determined; but, while this may be true, it does not follow that this court should grant the desired order upon the showing now submitted to it. The proper practice to be followed in this class of cases is to make the application to the court wherein the action sought to be stayed is pending, and it is the duty of that court, whether it be state or federal, to grant a stay according to the provisions of the bankrupt act. Thus, in construing a substantially similar section found in the act of 1867, the supreme court, in Hill v. Harding, 107 U. S. 631, 2 Sup. Ct. 404, ruled as follows:

"The terms of this enactment are as broad and as peremptory as possible: 'No creditor whose debt is provable shall be allowed to prosecute to final judgment' any suit thereon against the bankrupt; and such suit 'shall, upon application of the bankrupt, be stayed.' This provision, like all laws of the United States made in pursuance of the constitution, binds the courts of each state as well as those of the nation. Upon the application of the bankrupt to the court, state or national, in which the suit is pending, it is the duty of that court to stay the proceedings, 'to await the determination of the court in bankruptcy on the question of the discharge,' unless there is unreasonable delay on part of the bankrupt in endeavoring to obtain his discharge."

To the same effect is the ruling in Boynton v. Ball, 121 U. S. 457, 7 Sup. Ct. 981, wherein it is said:

"The state court could not know or take judicial notice of the proceedings in bankruptcy unless they were brought before it in some appropriate manner, and the provisions of this section show plainly that it does not thereupon lose jurisdiction of the case, but the proceedings may, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of his discharge."

In Eyster v. Gaff, 91 U. S. 521, in speaking of the effect of an adjudication in bankruptcy on the jurisdiction of a state court over a case commenced therein prior to the institution of proceedings in bankruptcy, the supreme court said:

"The court in the case before us had acquired jurisdiction of the parties and of the subject-matter of the suit. It was competent to administer full justice, and was proceeding, according to the law which governed such a suit, so to do. It could not take judicial notice of the proceedings in bankruptcy in another court, however seriously they might have affected the rights of the parties to the suit already pending. It was the duty of that court to proceed to a decree as between the parties before it, until by some proper pleadings in the case it was informed of the changed relations of any of those parties to the subject-matter of the suit."

The rule thus announced under the provisions of the act of 1867 is clearly applicable to section 11 of the act of 1898, and points out the course to be pursued in cases like that now under consideration. The bankrupt who is the defendant in the state court should file in that court a proper pleading setting forth the pendency of the proceedings in bankruptcy, and, based thereon, should ask a stay as provided for in section 11; and, upon being thus informed of the pendency of the proceedings in bankruptcy, it will become the duty of the state court to grant the stay prayed for. Not only is this the proper method of bringing to the judicial notice of the state court the fact that proceedings in bankruptcy have been instituted, and therefore the bankrupt has a right to a stay of the case until the question of a discharge can be heard, but it is also the proper procedure, for the

reason that the creditors, who are the plaintiffs in the suit sought to be stayed, are parties to the action in the state court, are within its jurisdiction, and will therefore be bound by its action in the premises, whereas they are not now subject to the jurisdiction of this court, as they have not been notified of the filing of this petition now before the court, nor in any way brought within the actual jurisdiction of this court. For these reasons the prayer of the petition is refused, on the ground that the application for a stay should be made in the state court in which the case is pending.