JOHN A. ROEBLING'S SONS COMPANY OF NEW YORK and Others, Suing in Their Own Behalf and in Behalf of All Other Creditors of FEDERAL STORAGE BATTERY CAR COMPANY, etc., Respondents, *v.* FEDERAL STORAGE BATTERY CAR COMPANY and Others, Appellants, Impleaded with FREDERICK J. LISMAN and Others, Defendants.

First Department, December 13, 1918.

Corporations — liability of stockholders under section 56 of Stock Corporation Law is several — action to enforce liability of stockholders under said section — parties defendant — pleading — complaint — allegations not excusing compliance with requirements of section 59 of Stock Corporation Law — allegations as to bankruptcy of debtor corporation — injunction by Bankruptcy Court.

The personal liability imposed upon stockholders by section 56 of the Stock Corporation Law is several, and hence a complaint in an action under said section is not demurrable upon the ground of a defect of parties defendant, in that all stockholders are not joined.

Where a complaint in an action to enforce the personal liability of stock-holders under section 56 of the Stock Corporation Law, alleges that within two years after the debts became due the corporation was duly adjudged a bankrupt; that a receiver was appointed and an injunction order issued restraining creditors, including the plaintiffs, from prosecuting their claims; that the claims of the plaintiffs were " duly filed " with the referee; that the assets were insufficient to pay any part of them, but it did not appear that they would receive nothing on their claims until the case was closed, and it is not alleged that the bankrupt has been discharged, or that they *proved* their claims before the referee or that they were allowed, and it appears that the injunction order was not in force when the action was commenced, and that there was nothing to prevent the plaintiffs from establishing their claims by judgment against the corporation and issuing execution as required by section 59 of the Stock Corporation Law, there is a failure to allege facts excusing compliance with the requirements of said section rendering the complaint demurrable.

The dissolution of the corporation would have excused compliance with section 59 of the Stock Corporation Law.

One of the objects of the requirement that a claim shall first be reduced to judgment against the debtor corporation is, that it may be established as a valid claim against the party primarily liable and who knows the facts and is in a position to interpose a defense if there be one.

Even if the plaintiffs were prevented by the bankruptcy proceedings from recovering judgments on their claims, they were not precluded from *establishing* their claims in the Bankruptcy Court where they would have been subjected to the scrutiny of the bankrupts and all other creditors who might have contested the allowance thereof.   In that respect, there-fore, the plaintiffs have not excused their failure to have the claims estab-lished against their debtor and have not complied with the requirements of the statutory condition precedent.

The injunction order granted *ex parte* by the Bankruptcy Court had no binding effect beyond the territorial jurisdiction of the court and would not have prevented the maintenance of actions here to reduce the claims of foreign creditors to judgment.

MERRELL, J., dissented.

APPEAL by the defendants, Federal Storage Battery Car Company and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of March, 1918, granting plaintiffs' motion for judgment on the pleadings, overruling the demurrers interposed by the appellants to the complaint and denying appellants' motion for judgment on the pleadings and for a dismissal of the complaint.

*Allen S. Wrenn* of counsel [*William Matthews*, attorney], for the appellants.

*Reese D. Alsop* of counsel [*Leavitt J. Hunt* with him on the brief; *Hunt, Hill & Betts*, attorneys], for the respondents.

Laughlin, J.:

This is an action by two creditors and the assignee of a creditor of the Federal Storage Battery Car Company in behalf of themselves and all other creditors of said company to enforce against the individual appellants, who were stockholders of the company when the indebtedness was contracted, the personal liability for an amount equal to the amount unpaid on their stock imposed by section 56 of the Stock Corporation Law (Consol. Laws, chap. 59; Laws of 1909, chap. 61).

Separate demurrers were interposed by the appellants on the ground of a defect of parties defendant in that all stockholders are not joined, and for insufficiency.

All stockholders who are residents of the State are joined. I agree with the learned court at Special Term that the liability imposed by the statute is several. (See Stock Corp. Law, §§ 56, 59; *Mills* v. *Stewart*, 41 N. Y. 389; *Weeks* v. *Love*, 50 id. 568; *Stephens* v. *Fox*, 83 id. 313.) *Warth* v. *Moore Blind Stitcher & Overseamer Co.* (146 App. Div. 28), on which appellants rely on this point, was regarded as brought not on the statute but on the common-law remedy afforded by equity to a judgment creditor and, therefore, conformity to the equity practice, by which all those liable are brought in to the end that there may be contribution between them, was required. The first ground of demurrer, therefore, was not well taken.

Section 59 of the Stock Corporation Law requires, as a condition precedent to the enforcement of the liability against a stockholder, that the claim of the creditor shall first be established by judgment against the corporation and that execution shall be issued and returned unsatisfied in whole or in part; and compliance therewith or facts showing inability so to do must be alleged. (*Hirshfeld* v. *Bopp*, 145 N. Y. 84.) The complaint does not allege recovery of a judgment against the corporation on any of the claims, but it alleges certain facts tending to excuse compliance with the requirements of

said section of the statute. The facts so alleged, however, do not show compliance with the statute to the extent that compliance was possible and essential. It is alleged that within two years after the debts became due the company was duly adjudged a bankrupt in the United States District Court for the Southern District of New Jersey, and that the day after such adjudication a receiver of all the property was appointed and an injunction order was issued by the same court permanently enjoining and restraining the creditors, including the plaintiffs, from instituting or prosecuting any claim against the company, and that the injunction order continued in full force and effect until March 31, 1916; that in the month succeeding the adjudication in bankruptcy the claims of the first two named plaintiffs were " duly filed " with the referee in bankruptcy, and the next month the claim of the assignor of the other plaintiff was " duly filed " with him; that the assets were insufficient to pay any part of the claims of the general creditors, which plaintiffs were, but it did not appear that they would receive nothing on their claims until the 31st of March, 1916, when the accounts of the trustee were approved and he was discharged and the " case closed." It is not alleged that the bankrupt has been discharged and since the injunction order was not in force when the action was commenced in 1917, so far as appears there was nothing to prevent plaintiffs from literally complying with said section 59 by prosecuting their claims to judgment and execution against the company and the mere receivership if it continued, which is not alleged, or insolvency, which is not even shown to have continued, afford no excuse. ( *United Glass Co.* v. *Vary,* 152 N. Y. 121; *Firestone Tire & Rubber Co.* v. *Agnew,* 194 id. 165.) The general grounds which would afford a basis for the action, discussed in *Hirshfeld* v. *Bopp* (*supra*), must be deemed to have been modified by the later cases herein cited.

Of course if the company had been dissolved that would excuse compliance with the statute (*Lang* v. *Lutz,* 180 N. Y. 254; *Hardman* v. *Sage,* 124 id. 25; *Ford* v. *Chase,* 118 App. Div. 605), but it is not so alleged in the case at bar. The claims are not allowed as matter of course in bankruptcy, and

it was necessary to show further either that no objections had been made to their allowance and that they were presented to the court and allowed on that ground, or if objections were made that they were allowed after a hearing. (See Bankr. Act [30 U. S. Stat. at Large, 560], § 57, as amd. by 32 id. 799, § 12.) If they were allowed in the Bankruptcy Court that doubtless would constitute a sufficient adjudication with respect to the validity of the claims (*Firestone Tire & Rubber Co.* v. *Agnew, supra*), but for aught that appears they may have been disallowed. One of the objects of the requirement that the claim shall first be reduced to judgment against the debtor corporation is that it may be established as a valid claim against the party primarily liable and who knows the facts and is in a position to interpose a defense if there be one. If the plaintiffs were prevented by the bankruptcy proceedings from recovering judgments on their claims they were not precluded from *establishing* their claims in the Bankruptcy Court where they would have been subjected to the scrutiny of the bankrupt and of other creditors who might have contested the allowance thereof. In that respect, therefore, the plaintiffs have not excused their failure to have the claims established against their debtor and have not complied with the requirement of a statutory condition precedent to the extent that they might and should have complied therewith. (*United Glass Co.* v. *Vary*, 152 N. Y. 121; *Firestone Tire & Rubber Co.* v. *Agnew, supra.*) One of the plaintiffs is a New Jersey corporation, but the others were residents of New York. It is not alleged that any of them appeared in the proceeding until after the injunction was issued nor is it alleged that the injunction order was issued on notice, and presumably it was *ex parte.* The injunction order, therefore, had no binding effect beyond the territorial jurisdiction of the court and would not have prevented the maintenance of actions here to reduce the claims to judgment, at least not the claims of the residents of New York (*Staunton* v. *Wooden*, 179 Fed. Rep. 61; *Matter of Geller*, 216 id. 558; *Matter of Waukesha Water Co.*, 116 id. 1009; *Acme Harvester Co.* v. *Beekman Lumber Co.*, 222 U. S. 300; *Progressive Building & Loan Co.* v. *Hall*, 220 Fed. Rep. 45); and it has been held that the recovery of a judgment and issuance of execution thereon in the State court is contem-

plated by the statute (*Tarbell* v. *Griggs,* 3 Paige, 207.   See *Rocky Mountain Nat. Bank* v. *Bliss,* 89 N. Y. 338, and *Trotter* v. *Lisman,* 199 id. 497.    See *Trotter* v. *Lisman,* 209 N. Y. 174), but *Firestone Tire & Rubber Co.* v. *Agnew* (*supra*) seems to indicate that the allowance of the claims in bankruptcy when the bankrupt is discharged would be sufficient.   (See, also, *Shellington* v. *Howland,* 53 N. Y. 371; *Flash* v. *Conn,* 109 U. S. 371, 380.)   It is quite evident that any attempt on the part of the plaintiffs to prosecute their claims to judgment after the institution of the bankruptcy proceedings without the consent of the Bankruptcy Court would have been futile for they could and doubtless would have been enjoined by the Bankruptcy Court here exercising ancillary jurisdiction for which the Bankruptcy Law provides.   (30 U. S. Stat. at Large, 545, 546, § 2, subd. 20, as added by 36 id. 839, § 2; Collier Bankruptcy [11th ed.], 32.)   They could have applied to the Bankruptcy Court for leave to prosecute their claims to judgment (Collier Bankruptcy [10th ed.], 267), but they would not have been permitted to issue executions and the establishment of their claims in the Bankruptcy Court would, I think, answer the statutory requirement with respect to the liquidation thereof.   (*Firestone Tire & Rubber Co.* v. *Agnew, supra; Shellington* v. *Howland,* 53 N. Y. 371; *Flash* v. *Conn, supra.*)   No claim is made against the company appellant and, although it is not alleged that it has been discharged, the bankruptcy proceedings have so far progressed that doubtless it can be discharged at any time and consequently it has no interest in defending against the claims.

It follows that the order should be reversed, with ten dollars costs and disbursements, and demurrers sustained on the second ground, with ten dollars costs, but with leave to plaintiffs to amend on payment of the costs of the appeal and of the motion.

CLARKE, P. J., DOWLING and PAGE, JJ., concurred; MERRELL, J., dissented.

Order reversed, with ten dollars costs and disbursements, and demurrers sustained, with ten dollars costs, with leave to plaintiffs to serve amended complaint on payment of said costs.