## In re ELLSWORTH et al.

(District Court, W. D. Washington, N. D.   March 3, 1919.)

Bankruptcy ⊜⟿20(1)—Adjudication supersedes jurisdiction of state court in suit against bankrupt.

The jurisdiction of a state court in a suit is at once superseded by an adjudication in bankruptcy against the defendant therein, and it is without authority to proceed thereafter; but, where it does so, its judgment against the bankrupt may be accepted by the bankruptcy court as a liquidation of the plaintiff's claim, under Bankruptcy Act, § 63b (Comp. St. § 9647).

In Bankruptcy. In the matter of P. C. Ellsworth and others, bankrupts. On petition to stay proceedings in state court. Granted.

McClure & McClure, of Seattle, Wash., for petitioning creditors.

Paul Carrigan and A. J. Collett, both of Seattle, Wash., for respondents.

NETERER, District Judge. In this matter, creditors of the bankrupts presented a petition to stay proceedings in the state court in a cause which was brought on for trial following the date of the filing of the petition for adjudication in this court; the cause in the state court having been theretofore duly and regularly assigned. In this court it appears that the cause was tried in the state court, and the judge announced conclusion directing judgment for the plaintiff in the amount claimed. Some further observations were made with relation to some property held by the applicant, with a view to requiring a reconveyance. No formal judgment or decree appears to have been entered.

"The jurisdiction of the federal courts in bankruptcy, when properly invoked, in the administration of the affairs of insolvent persons and corporations, is essentially exclusive." In re Watts & Sachs, 190 U. S. at page 27, 23 Sup. Ct. 724, 47 L. Ed. 933.

From this it necessarily follows that the jurisdiction of the state court is at once superseded upon the adjudication in bankruptcy, and that there is no authority in that court to proceed thereafter. In re Louis Neuburger, Inc. (D. C.) 233 Fed. 714; Id., 240 Fed. 947, 153 C. C. A. 633. Provision is made, however, in Bankruptcy Act, § 635 (Comp. St. § 9647), which provides:

"Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct and may thereafter be proved and allowed against the estate."

I think that the proceedings in the state court should be stayed, except that the claim due from the defendants in that case to the plaintiff may be liquidated, and the amount found due by the judge of the state court may be entered, and the claim may thereafter be proved before the referee in the manner which is allowed by law and the rules of court.

Such will be the order.

⊜⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes