Star Braiding Company *vs.* Stienen Dyeing Co., Inc.

JUNE 28, 1921.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Bankruptcy. Stay of Proceedings in State Court.*
Under the provisions of the U. S. Bankruptcy Act of 1898, Section 11, a suit which is founded upon a claim from which a discharge would be a release, and which is pending against the alleged bankrupt at the time of the filing of a petition in bankruptcy against him, must be stayed until after an adjudication or a dismissal of the petition. The language of the act is peremptory, and the duty of the court to grant the stay is not affected by the fact that the plaintiff had obtained a lien by attachment upon defendant's personal property made more than four months prior to the filing of bankruptcy proceedings.

*(2) Bankruptcy. Special Judgment. Stay of Proceedings.*
Although a defendant receives a discharge in bankruptcy, the suit may still proceed to a qualified or special judgment against him, to permit plaintiff to enforce his lien or to bring suit against those secondarily liable.

*(3) Bills of Particulars.*
Where a bill of particulars set out charges for goods sold by plaintiff to defendant, it was error to permit plaintiff to introduce evidence of work performed upon the goods at defendant's request, as plaintiff should have been restricted in its proof to the claims set out in its bill.

Assumpsit. Heard on exceptions of defendant and sustained.

Sweetland, C. J. This is an action of the case in assumpsit. The declaration alleges an indebtedness on book account and contains other common counts.

The case was tried before a justice of the Superior Court sitting with a jury. At the conclusion of the evidence said justice directed a verdict for the plaintiff in the sum of $647.56, the same being the full amount of its claim. The

cause is before us upon the defendant's exception to this action of said justice and upon its exceptions to certain rulings of said justice made in the course of the trial.

The defendant presented to said justice a certified copy of the records of the United States District Court for the Southern District of New York from which it appeared that on November 24, 1920, a petition in bankruptcy was filed against the defendant in said district court; that a temporary receiver of the defendant's assets was appointed and that the bond required of such receiver had been approved and filed in said court. The defendant then moved in writing that said justice stay this action in the Superior Court under and by virtue of Section 11 of the United States bankruptcy law. Section 11 of the National Bankruptcy Act of 1898 is as follows: "A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined." Said justice denied the motion for a stay and proceeded to try the case. To this ruling of the justice the defendant excepted and is insisting upon said exception before us. The plaintiff seeks to support the action of said justice upon the authority of statements contained in the text of Collier on Bankruptcy, 12th ed. Vol. 1, p. 291, and in certain federal cases cited by the author in his footnotes to the effect that the power of the court to stay a suit against a bankrupt is discretionary. The stay to which the author and the cases cited by him have reference is not the stay sought by this defendant on its motion, but a stay after an adjudication of bankruptcy or one, in the nature of an injunction, issued by a federal court to restrain an action against a bankrupt in a state court, or a stay in an action begun against a

bankrupt after the filing of a petition in bankruptcy against him. The power to grant such stays is discretionary, but none of them is within the provisions contained in the first part of Section 11. Until after an adjudication or dismissal of the petition against an alleged bankrupt a suit which is founded upon a claim for which a discharge would be a release and which is pending against the alleged bankrupt at the time of filing such petition must be stayed. Of such nature is the plaintiff's claim and such was the condition of his suit at the time of defendant's motion for a stay. The language of the bankruptcy act is peremptory. The action should have been stayed. In Collier on Bankruptcy, 12th ed. Vol. 1, p. 287, the author says: "Stays of suits under the present law are, strictly speaking, confined to actions pending at the time of the bankruptcy. They are mandatory if before the adjudication and discretionary after it . . . The stay of suits against the bankrupt pending the bankruptcy proceeding is absolutely necessary to give effect to the present bankruptcy act." In *In Re Geister*, 97 Fed. 322, the court said: "The bankrupt who is the defendant in the state court should file in that court a proper pleading setting forth the pendency of the proceedings in bankruptcy, and, based thereon, should ask a stay as provided for in Section 11; and, upon being thus informed of the pendency of the proceedings in bankruptcy, it will become the duty of the state court to grant the stay prayed for." *Rosenthal* v. *Nove*, 175 Mass. 559.

The claim of the plaintiff that the Superior Court was not properly informed of the pendency of the bankruptcy proceedings appears to us to be without weight. The allegations of the defendant's motion supported by the certified copy of the records of the bankruptcy court required the Superior Court to refrain from proceeding with the trial of the cause.

Nor does the fact, upon which the plaintiff lays stress, that it had obtained a lien by attachment upon the defendant's personal property made more than four months prior to the

filing of bankruptcy proceedings, which lien is not discharged by the bankruptcy, relieve the Superior Court from complying with the mandatory provisions of the bankruptcy act. The plaintiff's lien would not have been lost by the stay.  If a stay had been granted, after the adjudication or the dismissal of the bankruptcy petition the Superior Court might remove the stay and permit the suit to proceed.  As was held in *Butterick* v. *Bowen,* 33 R. I. 40:  although the defendant receives a discharge in bankruptcy, which he sets up in a plea *puis darrien continuance* the suit may still proceed to a qualified or special judgment against the defendant for the purpose of permitting the plaintiff to enforce his lien or for the purpose of enabling the plaintiff to bring suit against sureties on a bond given to release such attachment. Said justice of the Superior Court was in error in denying the motion for a stay.

Prior to the time of trial the plaintiff on the order of the Superior Court had filed a bill of particulars of its claim. The items of this bill appear to be charges for goods sold by the plaintiff to the defendant.  At the trial the plaintiff was permitted to introduce evidence of work performed by it upon said goods for the defendant at the defendant's request. To this ruling of the justice the defendant excepted.  The plaintiff should have been restricted in its proof to the claims set out in its bill.

The action of said justice in directing a verdict for the plaintiff was unwarranted.

All of the defendant's exceptions are sustained.  The case is remitted to the Superior Court for such further proceedings, in accordance with this opinion, as are in conformity with the bankruptcy act in the present condition of the bankruptcy proceedings against this defendant.

*Wilson, Churchill & Curtis,* for plaintiff.
*Ernest P. B. Atwood,* for defendant.