In re SEATTLE NORTH PACIFIC SHIPBUILDING CO.

(District Court W. D. Washington, N. D.   March 10, 1924.)

No. 7218.

1. Bankruptcy ⊜⟹20(1)—Jurisdiction of federal court exclusive.
   The jurisdiction of the federal court in bankruptcy, when properly invoked, is exclusive.

2. Bankruptcy ⊜⟹391(3)—Suit in state court not stayed.
   Where, at the time a voluntary petition in bankruptcy was filed, and order of adjudication entered, verdict had been rendered in state court in favor of creditor against the bankrupt after three weeks of trial, and motions for new trial and for judgment notwithstanding the verdict were about to be heard by the judge of the state court, a motion to stay such suit in the state court will be denied, in order that the claim may be liquidated if a judgment notwithstanding the verdict or new trial is not granted.

In Bankruptcy. In the matter of the estate of the Seattle North Pacific Shipbuilding Company, bankrupt. On hearing of motion to stay pending suits. Motion granted in part.

On February 28, 1924, a voluntary petition in bankruptcy was filed, order of adjudication entered, and the case referred to the referee. On March 6th a petition to stay pending suits in the state court, involving claims asserted against the bankrupt for payment of certain bonuses, was filed. The issue emphasized is the claim of William Cook. On February 8th the issue between Cook and the bankrupt was concluded in the state court by a jury returning a verdict in favor of Cook for $29,431.66, after three weeks of trial. Thereafter motions for new trial and for judgment notwithstanding the verdict were filed, and these motions are about to be heard by Judge Tallman of the state court.

Shank, Belt & Fairbrook and Clarence L. Reames, all of Seattle, Wash., for bankrupt.

Karr & Gregory and H. G. Sutton and Stanley J. Padden, all of Seattle, Wash., for respondent William Cook.

NETERER, District Judge. [1] The jurisdiction of the federal court in bankruptcy, when properly invoked, is exclusive. In re Ellsworth (D. C.) 277 Fed. 128, and cases cited. In the petition for adjudication, in schedule A (3), among other asserted claims, is scheduled the claim of William Cook, $29,431.66. The assertion of the bankrupt that the fund of $300,000 referred to in argument for the benefit of the men must be distributed among the men, and that individual determination of the respective claims may exceed that amount and some of the men be deprived of their share, if the Cook claim proceeds to judgment, is not well founded, as the asserted claims listed in the petition— Ed Anderson, $23,545.33; Ed Bright, $11,772.66; J. Buchanan, $15,-696.89; Jay Chambers, $11,772.66; Peter Cox, $8,829.50; Charles Eaton, $10,791.61; Nathaniel Fraser, $16,677.93; Frank Johnson, $11,772.66; David Knox, $13,734.77; J. F. Krewet, $8,829.50; B. W. Sawyer, $8,437.07; John Shepard, $23,545.33; C. E. Vaughn, $6,-033.48; William Woods, $7,848.44; William Cook, $29,431.66—aggregate only $208,719.49, and it is asserted that all other claims are barred by statute.

This court (In re Ellsworth, supra) said:

"I think that the proceedings in the state court should be stayed, except that the claim due from the defendants in that case to the plaintiff may be liquidated, and the amount found due by the judge of the state court may be entered, and the claim may thereafter be proved before the referee in the manner which is allowed by law and the rules of court."

[2] I think what was there said is applicable here, and that justice requires, after a trial in the state court before a jury covering a period of three weeks, in which it appears at bar witnesses were produced at great expense from distant states, that the claim should be liquidated and that action should proceed to judgment, if a judgment notwithstanding the verdict or new trial is not granted. In re Buchanan Soap Corporation (D. C.) 169 Fed. 1017. Trial in the state court in the other cases will be stayed until the further order of this court.

Authorities cited by bankrupt: Bankruptcy Act, § 11 (Comp. St. § 9595); Collier on Bankruptcy (12th Ed.) vol. 1, p. 285 et seq.; Black on Bankruptcy (3d Ed.) §§ 186, 187; Loveland on Bankruptcy (3d Ed.) § 22; Remington on Bankruptcy (2d Ed.) §§ 2695, 2696; U. S. Comp. St. 1916, vol. 9, § 9596 and notes; Hill v. Harding, 107 U. S. 631, 2 Sup. Ct. 404, 27 L. Ed. 493; In re Geister (D. C.) 97 Fed. 322; In re People's Warehouse Co. (D. C.) 273 Fed. 611; In re Ellsworth (D. C.) 277 Fed. 128; St. Louis World Pub. Co. v. Rialto Grain & Sec. Co., 108 Mo. App. 479, 83 S. W. 782; First Nat. Bank of Sioux City v. Flynn, 117 Iowa, 493, 91 N. W. 784.

Authorities cited by the claimant: Collier on Bankruptcy (12th Ed.) 1921, vol. 1, p. 287; In re Vadner (D. C.) 259 Fed. 614; Heckman v.

Supreme Court, 28 Wash. 35, 68 Pac. 170, 92 Am. St. Rep. 826;. Black on Bankruptcy (3d Ed.) vol. 1, § 185, also section 187; Loveland on Bankruptcy, § 22, p. 109; Collier on Bankruptcy (12th Ed.) 1921, vol. 1, pp. 291, 292; In re Knight (D. C.) 125 Fed. 35, 11 Am. Bankr. Rep. 1; In re Penn Development Co. (D. C.) 220 Fed. 222; In re Marget (D. C.) 173 Fed. 232; People v. Valley Mantel & Tile Co., 200 Mich. 554, 166 N. W. 839; Roebling v. Federal Storage Battery Co., 185 App. Div. 430, 173 N. Y. Supp. 297; In re Buchanan Co. (2d Cir.) 219 Fed. 492, 135 C. C. A. 204; In re Lesser, 99 Fed. 913, 40 C. C. A. 177; In re United Wireless Tel. Co. (D. C.) 196 Fed. 153; In re Guanacevi Tunnel Co., 201 Fed. 316, 119 C. C. A. 554; Black on Bankruptcy, § 188.