José de Jesús, Petitioner, *v.* District Court of San Juan, etc., et al., Respondents.

No. 850. Argued July 19, 1932.—Decided November 28, 1932.

134

 

*Besosa & Besosa* for petitioner. *L. Feliú* for intervener Iglesias & Co., Inc.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

On March 3, 1932, José de Jesús brought an action in the District Court of San Juan against Iglesias & Co., Inc., praying for a liquidation of accounts and the recovery of one-half of the profits earned in the business carried on by the parties under a contract set forth in the complaint. On May 4 of the same year, the defendant petitioned the court below to stay the proceedings in the action, alleging that it had been adjudged a bankrupt by the District Court of the United States for the Southern District of New York. The lower court granted the motion of the defendant and ordered the stay sought. The plaintiff moved for a reconsideration of this order and, upon the same being sustained by the court below, he petitioned this Court through a writ of certiorari to set aside the orders of the District Court of San Juan of May 4 and 26, 1932, and of June 28 of the same year.

The petitioner claims that the lower court erred in staying the proceedings after the adjudication of bankruptcy, without any general or special order from the Federal Court for the Southern District of New York; in holding that the bankruptcy court, and not the District Court of San Juan, must determine whether or not the claim in this case is subject to discharge; and in staying the proceedings because of a bankruptcy pending outside its jurisdiction and in which an adjudication has already been made.

The first paragraph of Section 11 of the Bankruptcy Act reads as follows:

''A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the

time of the filing of the petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined.''

The stay may be granted before or after the adjudication of bankruptcy: in the first case, until the petition is dismissed or the adjudication of bankruptcy is made; in the second case, until twelve months after the date of the order of adjudication, or if within that time the bankrupt applies for his discharge, then until the question of such discharge is determined.

In the instant case the defendant corporation, after being adjudicated a bankrupt, petitioned the District Court of San Juan for a stay of the proceedings. It is claimed that the Federal Court of New York, after the adjudication of bankruptcy has no jurisdiction over the territory of Puerto Rico, and therefore, its orders are not effective to stay proceedings in the Courts of Puerto Rico, which are outside the territorial jurisdiction of that Federal Court. We agree that a bankruptcy court can not exceed the limits of its territorial jurisdiction unless it acts through another bankruptcy court which may enforce within its jurisdiction the order of the court asking for its intervention. But this is not the case of an order of the Federal Court of New York to stay the proceedings in the District Court of San Juan; here the bankrupt corporation came before the court wherein it had been sued, and applied for a stay of the proceedings in accordance with section 11 of the Bankruptcy Act. The bankrupt may petition the court wherein he has been sued to grant the stay, before or after the adjudication of bankruptcy, and it becomes the duty of the court to consider and determine his petition, even though that tribunal is not within the territorial jurisdiction of the bankruptcy court. *Star Braiding*

*Co.* v. *Stienen Dyeing Co.,* 114 Atl. 129; *Acme Harvester Co.* v. *Beeckman Lum. Co.,* 222 U.S. 300.

The practice which seems most acceptable is to petition the court wherein the suit is pending for a stay of the proceedings therein. In the case of *In re Geister,* 97 Fed. 322, an order to stay proceedings in the state court was sought after the adjudication of bankruptcy. The Federal District Court of Iowa declared:

". . . The proper practice to be followed in this class of cases is to make the application to the court wherein the action sought to be stayed is pending, and it is the duty of that court, whether it be state or federal, to grant a stay according to the provisions of the bankrupt act. . . .

"The rule thus announced under the provisions of the act of 1867 is clearly applicable to section 11 of the act of 1898, and points out the course to be pursued in cases like that now under consideration. The bankrupt who is the defendant in the state court should file in that court a proper pleading setting forth the pendency of the proceedings in bankruptcy, and, based thereon, should ask a stay as provided for in section 11; and, upon being thus informed of the pendency of the proceedings in bankruptcy, it will become the duty of the state court to grant the stay prayed for. Not only is this the proper method of bringing to the judicial notice of the state court the fact that proceedings in bankruptcy have been instituted, and therefore the bankrupt has a right to a stay of the case until the question of a discharge can be heard; but it is also the proper procedure, for the reason that the creditors, who are the plaintiffs in the suit sought to be stayed, are parties to the action in the state court, are within its jurisdiction, and will therefore be bound by its action in the premises, whereas they are not now subject to the jurisdiction of this court, as they have not been notified of the filing of this petition now before the court, nor in any way brought within the actual jurisdiction of this court. For these reasons the prayer of the petition is refused, on the ground that the application for a stay should be made in the state court in which the case is pending."

According to the first paragraph of section 11 of the cited act, the stay is mandatory until bankruptcy is decreed or the petition dismissed. After the adjudication of bankruptcy,

the proceedings may be stayed at the court's discretion. 7 Remington on Bankruptcy 478, 480; 12 Collier on Bankruptcy 287. The state court has no right to proceed with the consideration of a pending cause until the petition in bankruptcy is determined. When such determination has been made, the state court may stay the proceedings at its discretion. *Carpenter Bros.* v. *O'Connor,* 1 A. B. R. 386, 16 Ohio C.C. 526. In *Rosenthal* v. *Nove,* 175 Mass. 559, 78 Am. State Rep., 512, the Supreme Judicial Court of Massachusetts held that—

" . . . the court in which a suit against a bankrupt is pending is not, after the adjudication of bankruptcy, bound to stay proceedings further therein, while it may do so if, and to such an extent as, justice may require. The action is not absolutely barred, and the court has power to proceed to judgment."

In *Smith* v. *Miller,* 115 N.E. 243, the same court confirmed that doctrine, as follows:

"The discretion vested in the trial court by section 11 of the Bankruptcy Act does not depend upon the question whether an attachment was made in the pending action within, or more than four months before, the filing of the petition in bankruptcy, or whether any attachment has been made. It follows that the defendant was not entitled as of right to a continuance of the action after he was adjudicated a bankrupt."

In order that the bankrupt may be entitled to a stay of the proceedings, the claim must be subject to discharge. The discharge is a privilege which the bankrupt may obtain if he applies therefor within the time fixed by law.

Claims provable in bankruptcy are subject to discharge unless they fall within some exception to the general rule. In this case the petitioner asks for a liquidation and that the defendant be ordered to pay 50 per cent of the earned profits. According to the complaint, this obligation arises from a contract entered into by the plaintiff and defendant. If the allegations of the complaint are true, the defendant has not complied with the terms of the contract. We are of the

opinion that it is a claim provable in bankruptcy. In the case of *In re Du Quesne Incandescent Light Co.*, 176 Fed. 785, a claim for breach of contract was involved. The following is taken from the opinion of the court:

"The claim under consideration was founded upon an express contract in writing, the damages for the breach of which were unliquidated. The claim was therefore a provable claim, and under section 63b could be liquidated upon application to the court in such a manner as it should direct."

"That clause '*b*'," said the Supreme Court of the United States in the case of *Schall v. Camors*, 251 U.S. 239, "provides the procedure for liquidating claims provable under clause '*a*' if not already liquidated, especially those founded upon an open account or a contract express or implied, is entirely clear, and has been recognized repeatedly in our decisions."

Let us see now whether the plaintiff's claim may be included within the exception to the general rule relating to provable claims. The petitioner argues that the court below failed to consider the allegations of fraud made in the complaint in determining whether or not the claim might be subject to discharge. The allegations to which the petitioner refers are as follows:

"That on or about February 16, 1928, the defendant, Iglesias & Co., Inc., delivered to the plaintiff, José de Jesús, a liquidation of the accounts of the creditors of the Eneglotaria Medicine Co., purchased by Iglesias & Co. Inc. which liquidation was accepted by the plaintiff, José de Jesús, but subsequently, the plaintiff has been informed that said liquidation was erroneous and false for the reason that the amounts which Iglesias & Co., Inc., seemingly paid for the said accounts of the creditors of the Eneglotaria Medicine Co. were not the true and exact amounts paid by Iglesias & Co., Inc."

In the preceding averments the plaintiff only states that, according to his information, the liquidation presented to him by the defendant was erroneous and false. It may have been erroneous without being fraudulent; and as regards the allegation of falsity, such statement is not sufficient to charge

the defendant with fraudulent intent. Claims based upon fraud and false representations, although provable, are not subject to discharge, as this is one of the exceptions provided by the Bankruptcy Act. We can not hold, under the allegations of the complaint, that the defendant has resorted to false and fraudulent representations in order to defraud the plaintiff. The claim in question can not be included within said exception to the general rule.

Nor are debts or claims subject to discharge when created by the fraud of the bankrupt as for example, embezzlement, defalcation, etc., while acting as an officer or in a fiduciary capacity.

The fraud required by law both in these cases as well as in those of misrepresentation is actual and positive fraud involving moral turpitude and malicious intent. An examination of the allegations of the complaint is sufficient to conclude that the action brought by the plaintiff can not be considered as included within the exception.

Debts and claims arising out of willful and malicious injuries to the property of another are not subject to discharge, either. Within this exception, the willful and malicious taking of property belonging to others may be considered as malicious and willful property damages; but it is not possible to infer from the allegations of the complaint that the present case is one within such exception.

Lastly, debts or claims are not subject to discharge when not included by the bankrupt in the list of his creditors with indication of their names, when known to the bankrupt, unless such creditors knew of the bankruptcy proceedings in time to prove their claims. In the instant case, the plaintiff's claim was not included by the bankrupt corporation in the list of its creditors; but the plaintiff knew of the bankruptcy proceedings in time to protect his rights when he was served with notice of the motion for stay and when the latter was ordered. The omission of the name of the plaintiff from the list of creditors does not prevent a stay of proceedings, be-

cause the stay itself constitutes notice to the creditor. 7 Remington 485.

We are of opinion that the lower court did not err in staying the proceedings in this case in the exercise of its discretion, for which reason the petition must be denied, the writ discharged, and the record returned to that court.