José de Jesús, peticionario, *v.* Corte de Distrito de San Juan, Hon. C. Llauger Díaz, Juez, e Iglesias & Co., Inc., demandados.·

No. 850.—*Sometido:* Julio 19, 1932. *Resuelto:* Noviembre 28, 1932.

*Besosa & Besosa,* abogados del peticionario; *L. Feliú,* abogado de la demandada e interventora Iglesias & Co., Inc.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En marzo 3 de 1932, José de Jesús entabló demanda ante la Corte de Distrito de San Juan contra Iglesias & Co. Inc., reclamando una liquidación de cuenta y la mitad de los beneficios obtenidos en el negocio convenido por las partes, de acuerdo con el contrato que se relaciona en la demanda. En mayo 4 del propio año la demandada solicitó de la corte inferior la suspensión de los procedimientos en la referida acción, alegando que había sido adjudicada en quiebra por la Corte de Distrito de los Estados Unidos, Distrito Sur de Nueva York. La corte inferior resolvió favorablemente la moción de la demandada y ordenó la suspensión de los procedimientos en la referida acción. El demandante pidió la reconsideración de esta orden, y habiendo sido ratificada por

la corte inferior, ha solicitado de esta corte, mediante un recurso de *certiorari,* la nulidad de las órdenes dictadas por la Corte de Distrito de San Juan en 4 y 26 de mayo de 1932 y en 28 de junio del mismo año.

Alega el peticionario que la corte inferior erró al suspender los procedimientos, después de declarada la quiebra, sin haber recibido ninguna orden general ni específica de la Corte Federal del Distrito Sur de Nueva York, al resolver que es la Corte de Quiebra y no la Corte de Distrito de San Juan la llamada a determinar si la reclamación en este caso es liberable o no, y al suspender los procedimientos por una quiebra existente fuera de esta jurisdicción y en la cual ya existe una adjudicación.

 El párrafo primero de la sección 11 de la Ley de Quiebra dice así:

"Pleitos establecidos por quebrados y contra quebrados.—Se suspenderá todo pleito fundado en una reclamación (claim) de la cual quedaría exento el quebrado por consecuencia de una orden de liberación, que se encuentre pendiente al tiempo en que se presentare una petición de quiebra contra él, hasta después que recaiga la declaración de quiebra o de la desestimación de la petición de la misma. Si la persona demandada es declarada quebrada, tal acción podrá suspenderse por doce meses más, a contar desde la fecha de tal resolución, o si dentro de dicho tiempo el quebrado solicita su liberación, entonces la suspensión durará hasta que la cuestión relativa a dicha liberación quede resuelta."

La suspensión puede acordarse antes o después de haberse decretado la quiebra: en el primer caso hasta que se desestime la petición o recaiga la declaración de quiebra; en el segundo, hasta que transcurran doce meses, a contar desde la fecha de la resolución, o si dentro de dicho tiempo el quebrado solicita su liberación, hasta que la cuestión relativa a la liberación quede resuelta.

En el presente caso la corporación demandada, después de declarada la quiebra, solicitó la suspensión de los procedimientos en la Corte de Distrito de San Juan. Se alega que la Corte Federal de Nueva York, una vez decretada la quiebra,

no tiene jurisdicción sobre el territorio de Puerto Rico y que por lo tanto sus órdenes carecen de validez para suspender los procedimientos en las cortes de Puerto Rico que están fuera del territorio específico de la Corte Federal. Convenimos en que una corte de quiebra no puede salvar los límites de su jurisdicción territorial a menos que actúe a través de otra corte de quiebra que pueda hacer efectivas, dentro de su jurisdicción, las órdenes de la corte que solicita su intervención; pero en este caso no se trata de una orden de la Corte Federal de Nueva York para suspender los procedimientos en la Corte de Distrito de San Juan, sino de una solicitud de la corporación declarada en quiebra, quien acude a la corte donde ha sido demandada para pedir la suspensión de los procedimientos, acogiéndose a la sección 11 de la Ley de Quiebras. El quebrado puede solicitar la suspensión en la corte en que ha sido demandado, antes o después de declarada la quiebra, y la corte tiene el deber de considerar y resolver su solicitud, aun cuando no la alcance directamente la jurisdicción territorial de la corte que declaró la quiebra. *Star Braiding Co.* v. *Stienen Dyeing Co.,* 114 Atl. 129; *Acme Harvester Co.* v. *Beekman Lum. Co.,* 222 U. S. 300.

La práctica que parece más aceptable es la de solicitar la suspensión en la corte donde está pendiente la acción que se quiere suspender. En el caso *In re Geister,* 97 Fed. 322, se solicitó, después de decretada la quiebra, una orden para suspender los procedimientos en la corte del estado. La Corte de Distrito de Iowa, resolviendo esta solicitud, se expresó en los siguientes términos:

"La práctica apropiada a seguirse en esta clase de casos es la de hacer la solicitud al tribunal en que penda la acción que se interesa suspender y es el deber de la corte, sea estadual o federal, el conceder la suspensión de acuerdo con las disposiciones de la Ley de Quiebras . . .

"La regla así expuesta bajo las disposiciones de la Ley de 1867 es claramente aplicable a la sec. 11 de la Ley de 1898 y señala el camino a seguir en casos como el que ahora consideramos. El quebrado, que es demandado en la corte estadual, debe radicar en esa

corte la alegación (pleading) procedente exponiendo la pendencia de los procedimientos de quiebra, y, fundándose en ellos, debe pedir la suspensión según se provee en la sección 11; y, al ser así informada de la pendencia de los procedimientos de quiebra, será el deber de la corte estadual el conceder la suspensión solicitada. No solamente es éste el medio apropiado para traer al conocimiento judicial de la corte estadual el hecho de que procedimientos en quiebra se han instituído y que, por tanto, el quebrado tiene derecho a una suspensión del caso hasta que se oiga sobre la rehabilitación, sino que es también el procedimiento procedente por razón de que los acreedores que son demandantes en la acción que se pretende suspender son partes en la acción en la corte estadual, están en su jurisdicción y quedarán, por tanto, obligados por su acción'' (de la corte) ''en el caso, mientras que ahora no están bajo la jurisdicción de esta corte, porque no han sido notificados de la radicación de esta petición que ahora pende en esta corte, ni en modo alguno colocados dentro de la jurisdicción material (actual) de esta corte. Por estas razones se deniega la súplica de la petición, por el fundamento de que la solicitud de suspensión debió haberse hecho a la corte estadual en que pende el caso.''

■ De acuerdo con la sección 11, párrafo 1º. de la ley citada, la suspensión es mandatoria hasta el momento en que se decreta la quiebra o se desestima la petición. Una vez decretada la quiebra los procedimientos pueden suspenderse a discreción del tribunal. Remington on Bankruptcy, tomo 7, pág. 478, 480; Collier on Bankruptcy (12 ed.) tomo 1º., pág. 287. La corte del estado no tiene derecho a proseguir en una acción pendiente hasta que la petición de quiebra haya sido resuelta. Cuando esto se ha hecho el caso puede suspenderse por la corte del estado a su discreción. *Carpenter Bros.* v. *O'Connor,* 1 A.B.R. 383, 16 Ohio C. C. 526. En *Rosenthal* v. *Nove,* 175 Mass. 559, 78 Am. State Rep. 512, la Corte Suprema de Massachusetts se expresó así:

''Nosotros sostenemos que la corte en la cual está pendiente una demanda contra un quebrado no está obligada, después de la declaración de quiebra, a suspender los procedimientos, si bien puede hacerlo en tanto en cuanto pueda requerirlo la justicia. La acción no queda absolutamente paralizada y la corte puede proseguir a dictar sentencia.''

En *Smith* v. *Miller,* 115 N. E. 243, la misma corte, ratificando esta doctrina, dijo:

"La discreción que la sección 11 de la ley de quiebra concede a la corte no depende de que se haya practicado un embargo dentro o antes de los cuatro meses de radicarse la petición de quiebra, o de que se haya practicado cualquier embargo. Se concluye que el demandado no tiene derecho como una cuestión de ley a la suspensión de la acción después de haber sido declarado quebrado."

■ Para que el quebrado pueda tener derecho a la suspensión, la reclamación debe ser liberable. La liberación es un privilegio que el quebrado puede obtener si la solicita dentro del término fijado por la ley.

■ Las reclamaciones probables, es decir, aquellas que puedan ser probadas en una corte de quiebra, son liberables, a menos que estén comprendidas dentro de las excepciones a la regla general. En el presente caso se solicita una liquidación y se pide que se condene a la demandada a pagar el 50 por ciento de los beneficios recibidos. La obligación, según los términos de la demanda, surge de un contrato celebrado entre el demandante y la demandada. De ser ciertas las alegaciones de la demanda, la demandada, no ha cumplido con los términos del contrato. Opinamos que es ésta una reclamación susceptible de ser probada en una corte de quiebra. En el caso *In re Du Quesne Incandescent Light Co.,* 176 Fed. 785, se trataba de una reclamación por incumplimiento de contrato. De la opinión de la corte extractamos lo siguiente:

"La reclamación se basa en un contrato expreso que se hizo constar por escrito, siendo ilíquidos los daños ocasionados por el incumplimiento del contrato. La reclamación era, por tanto, probable y, de acuerdo con la sección 63, cláusula *b,* puede ser liquidada, previa solicitud, en la forma en que la corte lo hubiese ordenado."

"Que la cláusula *b*", dice la Corte Suprema de los Estados Unidos en el caso de *Schall* v. *Camors,* 251 U. S. 239, "dispone el procedimiento para liquidar reclamaciones probables bajo la cláusula *a* si no han sido liquidadas, especialmente aquellas basadas en una cuenta abierta o en un contrato ex-

preso o implícito, es completamente claro y ha sido frecuentemente reconocido en nuestras decisiones.''

■ Veamos ahora si la reclamación del demandante puede considerarse incluída en las excepciones a la regla general, cuando se trata de reclamaciones probables. El peticionario arguye que la corte inferior dejó de considerar las alegaciones de fraude que aparecen en la demanda para resolver si la reclamación es o no liberable. La alegación a que se refiere el peticionario es la siguiente:

"Que más o menos el 16 de febrero de 1928, la demandada, Iglesias & Co. Inc., presentó al demandante, José de Jesús, una liquidación de las cuentas de los acreedores de la Eneglotaria Medicine Co. compradas por Iglesias & Co. Inc., cuya liquidación aceptó de conformidad el demandante José de Jesús, pero posteriormente el demandante, José de Jesús, ha sido informado de que dicha liquidación es errónea y falsa, por motivo de que las cantidades que aparecía Iglesias & Co. Inc. haber pagado por las citadas cuentas de acreedores de la Eneglotaria Medicine Co. no eran las cantidades fieles y exactas pagadas por Iglesias & Co. Inc.''

En la alegación que antecede el demandante se limita a decir que, según la información que ha recibido, la liquidación que le presentó la demandada es errónea y falsa. Ha podido ser errónea sin ser fraudulenta, y en cuanto a la alegación de que es falsa, no basta esta afirmación para imputar una intención fraudulenta a la demandada. Las reclamaciones que se basan en falsas y fraudulentas simulaciones no son liberables aunque puedan ser probadas, por ser ésta una de las excepciones establecidas por la Ley de Quiebra. No podemos decir, de acuerdo con las alegaciones de la demanda, que la demandada se haya valido de falsas y fraudulentas simulaciones para defraudar al demandante. La reclamación interpuesta no puede ser incluída dentro de esta excepción a la regla general.

■ Tampoco son liberables las deudas o reclamaciones creadas por el fraude del quebrado, como por ejemplo abuso de confianza, desfalco, etc., mientras actúa como un oficial o en una capacidad fiduciaria.

El fraude que la ley requiere tanto en estos casos como en aquellos de falsa representación es fraude real y positivo que envuelva torpeza moral y maliciosa intención. Basta examinar las alegaciones de la demanda para concluir que la acción ejercitada por el demandante no puede considerarse incluída dentro de esta excepción.

No son liberables tampoco las obligaciones que surgen por daños maliciosos y voluntarios a la propiedad ajena. Dentro de esta excepción la conversión voluntaria y maliciosa de la propiedad ajena puede considerarse un daño malicioso y voluntario a la propiedad; pero no es posible deducir de las alegaciones de la demanda que sea éste un caso comprendido dentro de esta excepción.

▌ Por último, no son liberables las deudas y reclamaciones que no han sido debidamente incluídas por el quebrado en la lista de acreedores, con el nombre de dichos acreedores, si son conocidos del quebrado, a menos que tales acreedores tengan conocimiento de los procedimientos de quiebra en una fecha en que puedan probar su reclamación. En el presente caso la reclamación del demandante no fué incluída por la corporación quebrada en la lista de sus acreedores; pero el demandante tuvo conocimiento de los procedimientos de quiebra en tiempo oportuno para proteger sus derechos, cuando fué notificado de la moción de suspensión y cuando ésta fué decretada. La omisión del nombre del acreedor demandante en la lista de acreedores del quebrado no impide que se suspenda el caso, porque la suspensión misma constituye noticia al acreedor. Remington, tomo 7, pág. 485.

*Opinamos que la corte inferior no cometió error al suspender los procedimientos en este caso en el uso de sus facultades discrecionales, por lo cual debe declararse sin lugar la solicitud, anularse el auto expedido y devolverse el récord a la corte de su origen.*