## McDowell v. C. H. Boley Co. et al.

*Peter P. Zion*, for plaintiff.

*Arthur Littleton* and *Frederick J. Knaus*, for defendants.

ALESSANDRONI, J., December 21, 1938.—This action of assumpsit was instituted May 26, 1937, to recover the sum of $2,300 with interest thereon from February 27, 1937, from the C. H. Boley Company and Fidelity-Philadelphia Trust Company, executor and trustee of the estate of Conrad H. Boley, deceased, Sarah P. Boley and Joseph Kriessman, the shareholders of the C. H. Boley Company. The action was founded upon a written contract whereby plaintiff was employed as general manager of defendant corporation. Plaintiff worked in this capacity until May 7, 1937, when his contract was terminated. His salary had been unpaid from October 3, 1936.

The shareholders were joined as defendants in this action to enforce liability under section 514 of the Business Corporation Law of May 5, 1933, P. L. 364, which provides that all shareholders of any corporation shall be liable for wages due employes earned within six months of the date that suit is brought. The liability of a share-

holder is limited to the value of the shares of the corporation owned by him. Defendant, Fidelity-Philadelphia Trust Company, in its fiduciary capacity, is the owner of 96 shares of the common stock and 300 shares of the preferred stock of the C. H. Boley Company, the aggregate par value of which is $39,800. Defendants, Sarah P. Boley and Joseph Kriessman, each own one share of stock having the value of $100.

On May 29, 1937, the C. H. Boley Company was adjudicated bankrupt in the United States District Court in and for the Eastern District of Pennsylvania. On October 7, 1937, the trustee in bankruptcy filed a petition for a rule to show cause why further proceedings should not be stayed, which rule was made absolute on October 18, 1937.

On December 10, 1937, the corporation filed its petition for discharge in bankruptcy and the decree of discharge was entered on January 24, 1938. Plaintiff filed his claim in the bankruptcy proceedings, which claim was admitted and allowed and in due course received a payment of $600 on account of his claim representing his priority as a wage earner.

The claim of plaintiff is for the sum of $2,300, being 23 weeks salary earned from November 26, 1936, to May 7, 1937. Defendants were allowed credit of $600 for the sum received by plaintiff in the bankruptcy proceedings so that the claim was reduced to $1,700.

Binding instructions in favor of plaintiff were given to the jury by the trial judge and a verdict was returned against Fidelity - Philadelphia Trust Company in its fiduciary capacity in the sum of $1,840.25 and against defendants, Sarah P. Boley and Joseph Kriessman, in the sum of $108.25 each. Each of the defendants filed a motion for judgment non obstante veredicto.

Section 514 of the Business Corporation Law, supra, provides that a shareholder shall not be personally liable for any debt of the corporation except salaries and wages due and owing to its laborers and employes for services rendered the corporation. In such event each shareholder

is personally liable in an amount equal to the value of the shares owned by him, providing suit for the collection of such salary or wages is instituted within six months after the same became due.

This is a claim for wages earned by plaintiff in his capacity as general manager of defendant corporation. No shareholder has been charged with more than the value of the shares of the defendant corporation owned by him, and finally, this suit was brought for salary which was not more than six months overdue. The action was originally instituted against the corporation and all the shareholders and service of process was had on each of the defendants. It was necessary for plaintiff, however, to suffer an involuntary discontinuance as to defendant corporation by reason of the stay of proceedings.

Defendant contends that section 514 requires not only that a judgment be entered against the shareholders but also that it be entered simultaneously against the corporation, and since plaintiff is unable to secure a judgment against the corporation because of the stay of proceedings which has been granted, and because the corporation has been discharged from further liability on this claim under the bankruptcy proceedings, the action must be dismissed.

This argument is not persuasive. The object of the requirement that a claim shall be reduced to a judgment against the debtor corporation before liability of the shareholders accrues is that it may be established as a valid claim against the party primarily liable and the one who knows the facts and is in a position to interpose a defense, if there be one: John A. Roebling's Sons Co. of N. Y. et al. v. Federal Storage Battery Car Co. et al., 185 App. Div. 430, 173 N. Y. Supp. 297.

"The proceedings against the corporation are only required for the benefit of the stockholders, as a part of the immunity against a primary personal liability vouchsafed by law to corporators, shielding them from action

until a *bona fide* attempt has been made and exhausted to obtain payment from the corporate property.

"The judgment against the corporation is of no virtue or effect in the action against the stockholder, and is only evidence as proving the performance of the condition precedent": Kincaid v. Dwinelle, 59 N. Y. 548, 551.

This requirement has been fulfilled by the proceedings in bankruptcy in which this claim of plaintiff has been admitted and allowed. An action of a court in bankruptcy is an adjudication of a right and is entitled to full faith and credit. The validity of plaintiff's claim is res adjudicata: Röland, to use, v. Albright et al., 325 Pa. 431. The action of the court in bankruptcy constitutes a judgment as required by section 514.

Moreover, plaintiff is excused from securing a judgment against a corporation in a State court, if that be necessary, by reason of the intervention of a paramount power. In Firestone Tire & Rubber Co., etc., v. Agnew et al., 194 N. Y. 165, 169, 86 N. E. 1116, 1117, the court said:

"In protecting stockholders from what might prove an unnecessary inconvenience, the legislature did not intend to release them from the liability imposed by the same act which affords the protection, provided the requirements cannot be complied with owing to the intervention of paramount power. When the recovery of judgment and return of execution unsatisfied are rendered impossible by a law of the United States and the action of its courts thereunder, compliance with those requirements does not come within the meaning of the statute." It is likewise stated in Shellington v. Howland, 53 N. Y. 371, 374, as follows:

"The defendant procured from the District Court of the United States in Bankruptcy an order enjoining and forbidding the further prosecution of the action. The suit was terminated as well by the operation and effect of the bankrupt law, as by the direct and active interposition of the defendant in enforcing the law by the positive

sanction of a court of competent and paramount jurisdiction. The action was, in fact, terminated, and a compliance with the condition precedent, imposed by statute, rendered impossible by the paramount law of the United States put in operation by the defendant. When the performance of a condition becomes impossible by the operation and effect of a statute, that is, becomes illegal, the performance is excused, and the rights of the parties will be preserved"; and again in Bottlers Seal Co., etc., v. Rainey et al., 243 N. Y. 333, 345:

"We think that the bankruptcy proceedings are similar excuse for non-compliance with the statutory provisions in regard to plaintiff's claim for $20,000 not due and payable when the petition in bankruptcy was filed. So long as the injunction issued by the bankruptcy court stood without modification, the plaintiff could not bring an action against the corporation. If the injunction had been modified, the bringing of the action would have been merely an empty gesture for all the assets of the corporation were subject to distribution in the bankruptcy proceedings. Even if we were to assume that the bankruptcy court erred in allowing claim for the part of the debt not then due and payable, it yet remains true that the court did take proof and allow it. (Bankruptcy Act, section 63.) If error was made by the bankruptcy court, and we do not attempt now to pass upon such question, such error has caused no injury but only benefit to the defendants, for the claim against them is reduced by the amount of the dividend. In considering the effect of the statute now invoked, this court has heretofore pointed out: 'Ordinarily statutory remedies must be strictly pursued. We are not disposed, however, in this case to adhere to the strict letter of the statute, but we must observe the spirit and intent of the Legislature in adopting it.' (Card v. Groesbeck, 204 N. Y. 301.) Obedience to the injunction of the Federal court, especially when coupled with reliance upon its order purporting to adjudicate plaintiff's entire claim, constitutes excuse for failure of the plain-

tiff to bring any action for the royalties due on July 1, 1913."

The provisions of section 73 of the Stock Corporation Law of May 24, 1923, N. Y. Laws ch. 787, under which these cases were decided, are similar to those of section 514 of the Business Corporation Law, which, as yet, has not been the subject of pertinent judicial interpretation. It was the obvious intent of the legislature to afford wage earners relief in the event that their corporate employer was unable to pay their salaries, whether because of actual bankruptcy or other financial difficulty. To impose the construction urged upon us by defendant would destroy the very foundations and purpose of this provision. The ordinary circumstances under which a claim of this nature arises is the bankruptcy of a corporate employer. The acceptance of defendant's contention would prevent recourse to the shareholders at the very time that the act intended their liability to accrue.

And now, to wit, December 21, 1938, the motion for judgment non obstante veredicto on behalf of defendants is dismissed.